IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2014

## LONNIE LANORRIS HOLLAND, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-D-3597      Cheryl Blackburn, Judge**

_____

**No. M2014-00124-CCA-R3-PC - Filed October 3, 2014**

_____

The petitioner, Lonnie Lanorris Holland, Jr., appeals the Davidson County Criminal Court's denial of post-conviction relief from his 2012 guilty-pleaded conviction of second degree murder. In the petition for post-conviction relief, the petitioner claimed that his guilty plea was unknowing or involuntary and stemmed from the ineffective assistance of his counsel. Because the record supports the post-conviction court's denial of relief, we affirm its order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Lonnie Lanorris Holland, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Brett Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The June 21, 2012 conviction judgment contained in the record shows that the petitioner pleaded guilty to second degree murder and received a sentence of 15 years' confinement. The petitioner's timely petition for post-conviction relief claimed that he was coerced into pleading guilty as a result of his trial counsel's deficiencies in not challenging a lineup identification and in not investigating or otherwise preparing the case.

The post-conviction court conducted an evidentiary hearing. Exhibited to the hearing was a transcript of the petitioner's guilty plea submission hearing in which the prosecutor stated the factual basis for a conviction. In September 2011, the victim and the

eyewitness to the homicide were washing cars on Clarksville Pike in Nashville when an "SUV" pulled up, drove away, and then returned. The victim went to speak to the driver, perhaps about the price of a car wash, and the eyewitness heard a gunshot. The eyewitness turned in time to see the driver of the "SUV" shoot the victim again. He later identified the petitioner as the shooter.

The petitioner testified in the evidentiary hearing that his trial attorney "was more leaning for me to take the plea instead of going through and fighting the case." He admitted that he "understood what was going on" and that his attorney advised him of possible defenses. The petitioner testified, however, that his counsel should have moved to suppress a lineup identification. He stated that the other persons in the lineup did not resemble him at all.

The petitioner said that he had an alibi defense and that he had informed counsel that, at the time of the homicide, the petitioner was "home with [his] mother" after he had picked up his two children from the babysitter. He said that counsel replied "that it wouldn't be a good enough of an alibi."

The petitioner opined that counsel's lack of effort on his behalf stemmed from the petitioner's inability to give counsel "the full payment [all at] once."

On cross-examination, the petitioner admitted that counsel's efforts to persuade the petitioner to accept a plea offer consisted of counsel's opining that the plea offer was a good one. The petitioner said that he "really didn't want to take the plea" but that counsel "kept elaborating on if I don't take this plea that I could be . . . getting a life sentence or sixty years to life." The petitioner admitted that his trial counsel did not yell or threaten the petitioner. The petitioner testified that "it had me feeling like if I go to trial with him I don't think he's going to give me his best fight." He admitted that during his plea submission hearing he told the judge that his trial counsel had done everything that the petitioner wanted done and that counsel "did a pretty good job"; however, in the post-conviction hearing, he branded these statements as lies. The petitioner posited that, after he went to prison and reviewed cases in the law library, he decided that he "should have said something" during the plea submission hearing. The petitioner testified that, because his plea was a best interest plea, he believed he would have a subsequent opportunity to challenge the plea.

The petitioner's trial counsel testified that he had 35 years' experience in a law practice that was 99 percent criminal law in nature. He testified that he availed himself of the State's open-file discovery, participated in two preliminary hearings, utilized an investigator from the beginning of the case, visited the homicide scene, took photographs, and made diagrams. Counsel testified that he reviewed the collected materials with the

-2-

petitioner. Counsel believed that, had the petitioner been convicted following a trial, his sentencing prognosis was grim because the petitioner was on probation for a manslaughter conviction at the time of the offense. Counsel denied ever telling a client to accept a plea offer; instead, he counseled clients to think about any offer in view of the risks. Counsel stated that he told the petitioner why he thought the plea offer was fair. Counsel reminded the court that counsel was not dealing with a "rookie," that the petitioner "had been through the system," and that he and the petitioner "had a very good working relationship." Counsel testified that he absolutely did not pressure the petitioner.

Counsel stated that had the case developed further toward a trial, he would have moved to suppress the lineup identification. Counsel testified, however, that he did not feel he would prevail on such a motion because the possible taint in the witness's identification did not occur by the hand of law enforcement personnel. Also, counsel was concerned that filing the motion to suppress would cause the State to withdraw the plea offer.

Counsel testified that he told the petitioner that, in his experience as a criminal defense lawyer, alibi defenses are "very weak." He expressed the view that when a "good" alibi exists, the case does not go to trial. Counsel stated that, even had the case gone to trial, he would not have advanced an alibi defense because it was a "straight up eyewitness I.D. case" and that he told the petitioner as much.

Counsel branded as "insulting" the claim that he had lost interest in the case because he had not been paid in full. Counsel explained that he knew the petitioner and his family, that the family "was paying on the fee," and that the arrangement was satisfactory with him.

The post-conviction court entered an extensive order denying relief. The court ruled that the petitioner failed to establish that he was prejudiced by counsel's failure to move to suppress the lineup identification or his failure to pursue an alibi defense. Also, the court found that counsel reviewed the evidence with the petitioner and that the petitioner understood the consequences of his plea. The court accredited the testimony of trial counsel. The court further ruled that the petitioner failed to prove that his plea was unknowing or involuntary. The court recounted the plea colloquy which bespoke a knowing, voluntary, and intelligent guilty plea offered by a competent defendant.

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the

post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Strickland*, 466 U.S. at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the context of a guilty plea, the petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process" by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

Apart from whether a guilty plea is the product of ineffective assistance of counsel, it is invalid if otherwise made unknowingly or involuntarily. "Whether a plea was knowing and voluntary is an issue of constitutional dimension because 'the due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary.'" *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000) (quoting *Johnson v. State*, 834 S.W.2d

922, 923 (Tenn. 1992)).  A plea "may not be the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats."  *Wilson*, 31 S.W.3d at 195 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)); *see also State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (citing *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn.1993)).

Both claims of ineffective assistance of counsel and involuntary guilty plea are mixed questions of law and fact.  *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).  When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness.  *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In the present case, the record supports the post-conviction court's determination that the petitioner failed to establish any of his claims by clear and convincing evidence.  In short, the petitioner did not prove that his trial counsel was ineffective.  Moreover, the accredited testimony of counsel detailed the persistent and thorough efforts of an experienced defense attorney.  Also, the petitioner did not prove that his guilty plea was unknowing or involuntary – whether as the result of counsel's assistance or otherwise.

As a result, we affirm the order of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE